UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **GOLDBERG COHEN LLP,** | * | **CIVIL ACTION NO.: 1:16-cv-06576** |
| *Plaintiff,* | * | |
| v. | * | **District Judge Naomi Reice Buchwald** |
| **LUV N' CARE, LTD., ET AL.,** | * | **Magistrate Judge James L. Cott** |
| *Defendants.* | * | **JURY TRIAL DEMANDED** |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In opposing summary judgment, Defendant submitted the declarations of both its CEO and founder, Eddie Hakim, and it General Counsel, Joe D. Guerriero. *See* Hakim Declaration (Doc. 37-1) and Guerriero Declaration (Doc. 37-2). The Hakim Declaration contradicts Plaintiff's unsubstantiated assertion of the existence of an oral modification of the Retainer Agreement. The Guerriero Declaration supports the contention that Goldberg Cohen misrepresented the facts regarding any alleged oral modification. In reply, Plaintiff does not submit a sworn statement claiming that there was such an oral modification, instead it attempts to challenge the Hakim and Guerriero declarations with a series of emails and more unsworn legal argument. While Defendants contend that Plaintiff's effort to challenge Mr. Hakim's and Mr. Guerriero's veracity fails, at a minimum Plaintiff has now brought the credibility of both Mr. Hakim and Mr. Guerriero to the forefront of their summary judgment motion. As a result, under well-established law, the Court cannot grant summary judgment.

"Any assessment of credibility and all choices between available inferences are matters to be left for a jury, not matters to be decided by a court on summary judgment." *Azrielli v. Cohen*

*Law Offices*, 21 F.3d 512, 517 (2d Cir. 1994.)  *See SEC v. Follick*, 00 Civ. 4385 (KWM) (GWG), 2002 U.S. Dist. LEXIS 24112, at *19 (S.D.N.Y. Dec. 18, 2002) (assertions of perjury are unavailing on summary judgment motion).

Defendants' categorically deny and reject the suggestion that anything stated in the Hakim and Guerriero declarations was false.  Defendants submit the Second Hakim Declaration (Ex. 1) and the Second Guerriero Declaration (Ex. 2) where they each discusses each of the email exhibits, places each of those email exhibits in their proper context, and explains how the emails are completely consistent with their prior declarations.  The only credible evidence before this Court – the Hakim and Guerriero Declarations – establish that there was no oral modification to the written Retainer Agreement and that Goldberg Cohen's efforts to contend otherwise to the Louisiana State Court – and this Court – was and is fraudulent.  On this summary judgment motion bought at the outset of action without the benefit of discovery, Plaintiff has failed to establish by any uncontradicted admissible evidence that there was an oral modification to the Retainer Agreement.  Any resolution of credibility in favor of Plaintiff's unsubstantiated attorney argument taken from cherry-picked emails, would violate Rule 56.  The Court, moreover, would also be drawing inferences *against* the non-moving party.  Finally, Goldberg and Cohen, as fact witnesses to the alleged oral modification of the Retainer Agreement, have yet to provide sworn statements of their version of the events – no doubt because this would generate a genuine issue of material fact on the existence of the oral modification and require them to provide testimony under oath subject to the penalty of perjury.

Attacking the credibility and veracity of both Mr. Hakim and Mr. Guerriero precludes grant of summary judgment in Plaintiff's favor.

Plaintiff also wrongly asserts that the Hakim and Guerriero declarations are inadmissible. Plaintiff incorrectly relies on case law for the proposition that parole evidence cannot contravene the terms of a written agreement. Plaintiff forgets that it has already conceded that there is no written modification to the Retainer Agreement. In order to avoid the fact that the Retainer Agreement is an integrated contract, Plaintiffs must rely upon the brief filed in the Jackel Case as evidence of the oral agreement in order to avoid N.Y. Gen. Oblig. Law § 15-301. Defendants have already argued that the brief filed in the Jackel Case does not satisfy the requirements of § 15-301 and does not represent a judicial admission.

The New York Court of Appeals has confirmed that parole evidence, such as that represented by both the Hakim and Guerriero Declarations, are entirely proper where the issue involves an oral modification of an integrated contract. This depends, of course, on whether Plaintiff can first avoid application of § 15-301(which it has not) that bars oral amendment of an integrated contract. Assuming, however, for the sake of argument only, that § 15-301 is satisfied by the brief filed in the Jackel Case, where the oral agreement has been acted upon to completion "not only may past oral discussions be relied upon to test the alleged modification, but the actions taken may demonstrate, objectively, the nature and extent of the modification." *Rose v. Spa Realty Assocs.*, 42 N.Y.2d 338, 343 (1977). The same is true for partial performance of the alleged oral modification. "Here, too, the court may consider not only past oral exchanges, but also the conduct of the parties." *Id.* Oral discussions, actions taken and party conduct are the epitome of parole evidence.

Defendants have demonstrated that there was no modification to the Retainer Agreement, oral or otherwise and Plaintiff has failed to demonstrate that there is no dispute over material

facts and that it is entitled to judgment as a matter of law. Therefore, Plaintiff's motion should be denied.

Respectfully submitted this 9th day of June, 2017.

By: /s/ *Robert M. Chiaviello, Jr.*
**Robert M. Chiaviello, Jr.**
New York State Bar No.: 20186887
SDNY Bar No.: RC9134
E-Mail: bob@iprcounsel.com
**ROBERT M. CHIAVIELLO, JR.**
**ATTORNEY-AT-LAW**
260 Madison Ave., 8th Floor
New York, New York 10016
Tel No.: (929) 249-0028

*Counsel for Defendants Luv n' care,*
*Ltd. and Admar International, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2017, a true and correct copy of the foregoing document titled "Defendant's Sur-Reply in Opposition to Plaintiffs' Motion for Summary Judgment was served via the Court's CM/ECF system upon the following counsel for Plaintiffs at the identified email address(es):

Goldberg Cohen, LLC
Through their attorney of record:

Morris E. Cohen
mcohen@goldbergcohen.com
linan@goldbergcohen.com
lwigder@goldbergcohen.com
**GOLDBERG COHEN LLP**

*/s/ Robert M. Chiaviello, Jr.*
Robert M. Chiaviello, Jr.